IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHILTINGTON INTERNATIONAL, INC** | : : : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. |
| v. | : | |
| **CERBERUS HOLDING COMPANY, LLC** | : : | |
| Defendant | : : : | |

## COMPLAINT

NOW COMES, Chiltington International, Inc. ("Chiltington"), by and through its undersigned attorney, and files this Complaint, and in support thereof avers as follows:

### PARTIES, JURISDICTION, & VENUE

1. Chiltington is a corporation organized pursuant to the laws of the State of Florida engaged in the business of providing consulting services to the insurance and reinsurance industry. Chiltington maintains a place of business at 3501 Concord Rd, Suite 120, York, Pennsylvania, 17402.

2. Cerberus Holding Company, LLC ("Cerberus") is a Delaware Limited Liability Company engaged in the purchase and 'run- off' of reinsurance

companies, and/or discontinued lines of insurance business. Cerberus may be served at 203 NE Front Street, Suite 101, Milford, Delaware, 19963.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds $75,000 excluding interest and costs and is between citizens of different states.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (c).

## FACTUAL BACKGROUND

5. Effective on January 1, 2011 Chiltington and Cerberus entered into agreement (hereinafter referred to as the "Agreement") whereby Cerberus appointed Chiltington as its agent to handle the administration of a reinsurance portfolio. A copy of the Agreement is attached hereto as Exhibit A.

6. The Agreement is effective from January 1, 2011 until cancelled. §6, Article 1, Agreement.

7. As of the date hereof, neither Chiltington nor Cerberus has terminated the Agreement.

8. Pursuant to the Agreement, Cerberus appointed Chiltington as its agent to administer certain specified reinsurance contracts written, assumed, or ceded by a reinsurer known as TrygVesta. p.4, §2, Articles 1-3, Agreement ("the Business").

9. Chiltington's responsibilities to service the Business are set forth in §4, Articles 1-11, of the Agreement (such responsibilities shall hereinafter be referred to as "the Services")

10. In exchange for the Services, Cerberus agreed to compensate Chiltington as set forth in §7, Articles 1-5 of the Agreement. In pertinent part, §7 provides as follows:

> **Section 7.        Fees and Services**
>
> **The fee for run-off administration services provided by Chiltington will be subject to a maximum annual amount as follows, which Cerberus shall pay quarterly, based upon the schedule indicated:**
>
> 1. **Administration Fee**
>
>    a) **The maximum annual fee to be charged by Chiltington will be US$77,000 payable in advance as follows;**
>
>       **Annual administration fee maximum
>       US$77,000.00**
>
>       **Payable:**
>
>       **Initial Quarterly Installment January 1, 2011
>       US$19,250.00**
>
>       **Three succeeding quarterly installments:**
>
>       **Due on April 1, July 1, and October 1, 2011
>       US$19,250.00**

11. Chiltington provided the Services in respect of the Business for the calendar quarters beginning on January 2012, April 2012, July 2012, October 2012, and January 2013.

12. Pursuant to the quarterly billing provisions of the Agreement, Chiltington timely transmitted quarterly invoices to Cerberus in advance of the relevant quarters which began in January 2012, April 2012, July 2012, October 2012, January 2013, and April 2013 (hereinafter the "Overdue Invoices"). The Overdue Invoices are attached hereto as Exhibit B.

13. Chiltington continued to provide the Services after Cerberus stopped paying its invoices in a timely fashion only because Cerberus repeatedly assured Chiltington it would receive payment for the Overdue Invoices.

14. Cerberus has never disputed any of the amounts Chiltington claimed were due in relation to the Overdue Invoices.

15. Despite repeated demands, Cerberus has refused and failed to pay the Overdue Invoices.

16. Pursuant to §7, Article 1a of the Agreement, Chiltington suspended its Services under the Agreement effective at the start of the second (2nd) Quarter of 2013.

## BREACH OF CONTRACT

17. The Plaintiff re-alleges and re-avers each and every allegation contained in Paragraphs 1 through 16 of this complaint and incorporates them herein by reference.

18. Chiltington has rendered all the Services to the Defendant required of it under the terms of the Agreement.

19. By its terms, the Agreement required Cerberus to pay Chiltington for the Services, in advance, on a quarterly basis.

20. Chiltington timely transmitted the Overdue Invoices to Cerberus each quarter as required by the terms of the Agreement.

21. As of the date hereof, despite repeated demands, Cerberus has refused and failed to pay Chiltington the amounts owed for the Overdue Invoices.

22. Cerberus' failure to pay Chiltington the $115,500 owed for the Overdue Invoices is a breach of the Agreement's terms for which Cerberus is liable.

**WHEREFORE,** Chiltington respectfully requests this Court to enter an Order:

(1) Granting judgment for the Plaintiff and against Defendant in the amount of $115,500 exclusive of interests and costs; and

(2) Granting such other relief as the Court deems appropriate.

Dated: December 3, 2013         /s/<u>Albert B. Miller</u>
                                Attorney I.D. No. 82540
                                3501 Concord Rd
                                PO Box 3709
                                York, PA 17401
                                Phone: (717) 757-0000 ext 230
                                Email: albert.miller@pro-global.com
                                *Attorney for Chiltington International, Inc.*